■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cohen, J.), rendered May 12, 1983, convicting him of robbery in the first degree, robbery in the second degree (three counts), assault in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETT JACKSON, Appellant.—Appeal by the defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County (Owens, J.), imposed March 4, 1985, upon his conviction of attempted burglary in the second degree, upon his plea of guilty, the sentence being an indeterminate term of 2⅓ to 7 years' imprisonment.

Ordered that the sentence is modified, as a matter of discretion in the interest of justice, by reducing the sentence to a term of six months' imprisonment and five years' probation; the sentence of imprisonment shall be a condition of and shall run concurrently with the sentence of probation; as so modified, the sentence is affirmed and the case is remitted to the Supreme Court, Kings County, to fix the terms and conditions of probation.

In our opinion, the sentencing court's increase of the promised sentence of six months' incarceration to run concurrently

with and as a condition of a term of five years' probation to the maximum permissible term for a class D felony offense (Penal Law § 70.02 [2] [b]; [3] [b]) was an improvident exercise of discretion (see, People v Murray, 63 AD2d 708). We note the sentencing Judge's admonition issued at the plea allocution of the consequences of the defendant's failure to appear. However, elevation of the sentence to the maximum term because of the defendant's appearance two days after the scheduled sentencing date was inappropriate in view of the defendant's background and the indication in the presentence report that he was a good candidate for a probationary sentence. Moreover, the sentencing court's reference to an earlier lapse of the defendant in making a scheduled appearance does not provide a sufficient basis for imposing the maximum term because the defendant did appear later in the day and was told to return two days thereafter. Thompson, J. P., Lawrence, Rubin, Kunzeman and Sullivan, JJ., concur.